UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY LAMA | CIVIL ACTION |
| VERSUS | NO. 17-9777 |
| FLORIDA MARINE TRANSPORTERS, L.L.C. | SECTION "N" (3) |

## ORDER

Before the Court is the Motion to Quash Deposition of Plaintiff as Noticed or, in the Alternative, for Entry of Protective Order. [Doc. #9]. The motion is opposed. [Doc. #11]. The Court originally set the motion for oral hearing on March 27, 2018. [Doc. #10]. Having reviewed the pleadings, the Court finds that oral argument is unnecessary.

While plaintiff does not dispute that his deposition needs to occur or the date on which defendant has noticed his deposition, his counsel contends that his deposition should commence at 1:00 p.m. because it is counsel's office policy that depositions do not start until that time. Counsel's main argument is that it is inconvenient to start before 1:00 p.m. because she needs to prepare plaintiff for his deposition on the day of the deposition, and "it is not optimal" to start preparation at 7:00 a.m., should the deposition begin at 10:00 a.m. Defendant properly noticed plaintiff's deposition at 10:00 a.m. and does not agree to the 1:00 p.m. start time. In short, defendant maintains that plaintiff's counsel's office policy is not good cause to not start the deposition at 10:00 a.m.

Rule 26(c), requires that good cause and a specific need for protection be shown for the court to issue a protective order. Fed. R. Civ. Proc. 26(c). The burden is on the movant to make such showing, which includes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.

1998). Likewise, a party seeking to quash a subpoena under Rule 45(c)(3) bears the burden of proof. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex.1998). Plaintiff has not carried this burden.[1]

"When a plaintiff files a lawsuit, he takes on certain responsibilities, including the duty to participate in discovery in good faith. A component of this duty is that parties must appear for properly noticed depositions." *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 24 (D.D.C. 2015). Counsel's "office policy" does not entitle it to disregard a properly-noticed deposition, and counsel has cited this Court to absolutely no law that would support her argument. And this Court has found none. Plaintiff asserts no more than stereotyped and conclusory statements that he should not have to travel to New Orleans (where he chose to file suit) the day before to prepare for his deposition. Counsel's "office policy" is of no moment to this Court's analysis of whether a plaintiff must attend a properly-noticed deposition. "It has been said . . . that good cause is not established solely by showing that discovery may involve inconvenience and expense." *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D. Mich. 1979) (citing *United States v. Am. Optical Co.*, 39 F.R.D. 580 (N.D. Cal. 1966)). Accordingly,

**IT IS ORDERED** that the Motion to Quash Deposition of Plaintiff as Noticed or, in the Alternative, for Entry of Protective Order [Doc. #9] is DENIED.

**IT IS FURTHER ORDERED** that the oral hearing set on March 27, 2018 is CANCELLED.

New Orleans, Louisiana, this 26th day of March, 2018.

---

[1] Plaintiff argues that defendant has not shown good cause to start the deposition at 10:00 a.m., but it is clearly not defendant's burden to carry here.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**