UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANTHONY LAMA, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-9777 |
| FLORIDA MARINE TRANSPORTERS, LLC, Defendant | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Florida Marine Transporters, LLC ("FMT"), seeking judgment as a matter of law on Plaintiff's status as a Jones Act seaman.[1] The motion is opposed.[2] FMT filed a reply.[3] For the reasons that follow, the Motion for Summary Judgment is **DENIED.**

## BACKGROUND

The following facts are not in dispute. Plaintiff Anthony Lama was employed by FMT to perform barge maintenance and repair, starting in 2010.[4] Plaintiff is a salaried employee and also receives $500 per month as a truck allowance and mileage.[5] Plaintiff begins each work day at his home in Mandeville, Louisiana, where he may participate in phone calls or email before venturing out.[6] Plaintiff's daily job duties included preparations for vetting and Coast Guard inspections, performing damage assessments, and conducting general barge maintenance.[7]

---

[1] R. Doc. 52.
[2] R. Doc. 56.
[3] R. Doc. 62.
[4] R. Doc. 52-5 at ¶ 1; R. Doc. 56-1 at ¶ 1.
[5] R. Doc. 52-5 at ¶¶ 2-3; R. Doc. 56-1 at ¶¶ 2-3.
[6] R. Doc. 52-5 at ¶ 4; R. Doc. 56-1 at ¶ 4.
[7] R. Doc. 52-5 at ¶ 5; R. Doc. 56-1 at ¶ 5.

1

Under a program known as Barge Shepherding, Plaintiff was also responsible for maintenance on a certain set of barges within his geographical area.[8] Plaintiff estimated that he participated in approximately twenty-five barge shepherding inspections per year, with each inspection lasting approximately two to four hours, including travel.[9] Plaintiff also conducted barge cleaning inspections, which took place at a cleaning facility.[10] These inspections took between sixty and ninety minutes.[11] If the barge was not ready for inspection, Plaintiff might wait five to six hours in an office or his truck; if more waiting was required, he may have returned home.[12]

Plaintiff also performed tasks such as a "strip and blow" sire audit or vetting, which take between one and two hours to complete.[13] Plaintiff would also travel to barges to gather information following an incident or deliver crossover hoses or supplies.[14] It is undisputed that Plaintiff does not have any documents or log books supporting his estimated work time aboard vessels.[15]

Plaintiff alleges that, on or about June 9, 2017, he was injured while replacing a cable on an emergency shutdown system on an FMT barge.[16] On September 28, 2017, Plaintiff filed the instant lawsuit, asserting claims for unseaworthiness, Jones Act negligence, and maintenance and cure.[17] On February 11, 2019, FMT filed the instant Motion for Summary Judgment, arguing Plaintiff is not a Jones Act seaman because he

---

[8] R. Doc. 52-5 at ¶ 6; R. Doc. 56-1 at ¶ 6.
[9] R. Doc. 52-5 at ¶¶ 7-8; R. Doc. 56-1 at ¶¶ 7-8.
[10] R. Doc. 52-5 at ¶ 9; R. Doc. 56-1 at ¶ 9.
[11] R. Doc. 52-5 at ¶ 11; R. Doc. 56-1 at ¶ 11.
[12] R. Doc. 52-5 at ¶¶ 9-10; R. Doc. 56-1 at ¶¶ 9-10.
[13] R. Doc. 52-5 at ¶ 12; R. Doc. 56-1 at ¶ 12.
[14] R. Doc. 52-5 at ¶¶ 13-14; R. Doc. 56-1 at ¶¶ 13-14.
[15] R. Doc. 52-5 at ¶ 15; R. Doc. 56-1 at ¶ 15.
[16] R. Doc. 1 at ¶ V. Plaintiff's Complaint alleges he was injured on June 20, 2017. Through discovery and at his deposition, Plaintiff claimed he was injured on June 9, 2017.
[17] R. Doc. 1.

"cannot present evidence establishing that he performed the work on any vessel, or that he spent the requisite amount of time necessary to convey seaman status."[18]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "An issue is material if its resolution could affect the outcome of the action."[20] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[21] All reasonable inferences are drawn in favor of the non-moving party.[22] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[23]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[24] If the moving party fails to carry this burden, the motion must be denied. If the moving party

---

[18] R. Doc. 52.
[19] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[20] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[22] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[24] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[25]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[26] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[27] If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[28] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[29] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

---

[25] *Celotex*, 477 U.S. at 322–24.
[26] *Id.* at 331–32 (Brennan, J., dissenting).
[27] *See id.* at 332.
[28] *Id.* at 322–24.
[29] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[30]

## **SEAMAN STATUS**

"The Jones Act is remedial legislation and as such should be liberally construed in favor of injured seamen."[31] In *Chandris v. Latsis*, the Supreme Court set forth a two-pronged analysis to guide the determination of seaman status.[32] A plaintiff is a Jones Act seaman if: (1) his "duties contribute to the function of the vessel or the accomplishment of its mission," and (2) he has "a connection to a vessel (or an identifiable fleet of vessels in navigation) that is substantial in terms of both its duration and nature."[33] The determination of seaman status is a mixed question of law and fact, and a plaintiff bears the burden of proving seaman status.[34]

Summary judgment on seaman status is proper where the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences about whether the claimant is a Jones Act seaman.[35] If reasonable persons could draw conflicting inferences, it is a question for the jury and summary judgment must be denied.[36] "[T]he issue of seaman status is ordinarily a jury

---

[30] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[31] *Guidry v. S. La. Contractors, Inc.*, 614 F.2d 447, 455 (5th Cir. 1980).
[32] *Chandris v. Latsis*, 515 U.S. 347, 356 (1995).
[33] *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997) (citing *id.* at 355–58).
[34] *Barrett v. Chevron, U.S.A., Inc.*, 752 F.2d 129, 132 (5th Cir. 1985).
[35] *Id.*; *see also Ellender v. Kiva Const. & Eng'g, Inc.*, 909 F.2d 803, 805–06 (5th Cir. 1990); *Barrios v. Engine & Gas Compressor Serv.*, Inc., 669 F.2d 350, 352 (5th Cir. 1982).
[36] *See Buras v. Commercial Testing & Engineering Co.*, 736 F.2d 307, 309 (5th Cir. 1984); *Chandris*, 515 U.S. at 369.

question, even when the claim to seaman status is marginal."[37] Thus, summary judgment on seaman status in Jones Act cases is rarely proper.[38]

## LAW AND ANALYSIS

FMT argues it is entitled to judgment as a matter of law that Plaintiff is not a Jones Act seaman because Plaintiff does not perform the work of a seaman and does not spend the requisite amount of time aboard a vessel.

### I. Plaintiff Does "the Ship's Work"

To satisfy the first prong of the seaman status test, Plaintiff must demonstrate his "duties contribute to the function of the vessel or the accomplishment of its mission."[39] Both the Supreme Court and the Fifth Circuit have recognized that satisfying the first prong of *Chandris* is "relatively easy:" the plaintiff need only show that he "does the ship's work."[40] This threshold requirement is "very broad" and inclusive.[41] The Fifth Circuit has held a vessel repair supervisor who spent the majority of his time repairing, cleaning, painting, and maintaining the vessel contributed to the function of the vessel.[42]

The parties do not dispute that Plaintiff was employed by FMT to perform barge maintenance and repair[43] and that Plaintiff's daily job duties included preparations for vetting and Coast Guard inspections, performing damage assessments, and conducting

---

[37] *White v. Valley Line Co.*, 736 F.2d 304, 305 (5th Cir. 1984).
[38] *See Bouvier v. Krenz*, 702 F.2d 89, 90 (5th Cir. 1983).
[39] *Harbor Tug & Barge Co.*, 520 U.S. at 554.
[40] *Chandris*, 515 U.S. at 368; *Becker v. Tidewater Inc.*, 335 F. 3d 376, 387–88 (5th Cir. 2012) (en banc).
[41] *Chandris*, 515 U.S. at 368.
[42] *Naquin v. Elevating Boats, LLC*, 733 F. 3d 927, 933 (5th Cir. 2014); *See also Endeavor Marine Inc.*, 234 F.3d at 291 (finding barge crane operator to be a seaman, because "even a ship repairman (which is traditional longshoreman work and is one of the enumerated occupations under the LHWCA) may qualify for seaman status if he has the requisite employment-related connection to the vessel."); *Boatel, Inc. v. Delamore,* 379 F.2d 850, 853–54, 859 (5th Cir. 1967) (finding diesel "motorman" to be a seaman); *and Braniff v. Jackson Ave.–Gretna Ferry, Inc.,* 280 F.2d 523 (5th Cir. 1960) (finding ferry's maintenance superintendent to be a seaman).
[43] R. Doc. 52-5 at ¶ 1; R. Doc. 56-1 at ¶ 1.

general barge maintenance.[44] It is undisputed that Plaintiff was responsible for maintenance on a certain set of barges within his geographical area[45] and that Plaintiff completed barge inspections on the barges.[46] FMT contends Plaintiff actually performed visual inspections and would rarely perform actual repair or maintenance.[47] The Laserfiche report, highlighted by FMT, reflects that Plaintiff conducted both visual inspections and repair work.[48] Under the "broad" and "relatively easy" standard, Plaintiff has demonstrated through undisputed facts that he does the ships work and contributes to the function of FMT's vessels. The documents cited by FMT further support that Plaintiff did the ship's work. Accordingly, the Court turns to the second prong of the seaman status inquiry.

## II. The Parties Dispute Whether Plaintiff Spends More than 30% of His Time on Vessel

With regard to the second prong, *Chandris* recognized the Fifth Circuit's threshold for a substantial durational connection to a fleet of vessels: "Generally, the Fifth Circuit seems to have identified an appropriate rule of thumb for the ordinary case: A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act."[49] This determination is made "'in the context of [the employee's] entire employment' with his current employer."[50] The Fifth Circuit explained in *Roberts v. Cardinal Services, Inc.* that "[t]he 30 percent floor does

---

[44] R. Doc. 52-5 at ¶ 5; R. Doc. 56-1 at ¶ 5.
[45] R. Doc. 52-5 at ¶ 6; R. Doc. 56-1 at ¶ 6.
[46] R. Doc. 52-5 at ¶¶ 7-9; R. Doc. 56-1 at ¶¶ 7-9.
[47] R. Doc. 52-5 at ¶ 21.
[48] R. Doc. 52-4.
[49] *Chandris*, 515 U.S. at 371.
[50] *Barrett*, 781 F.2d at 1075 (citing *Longmire v. Sea Drilling Corp.*, 610 F.2d 1342, 1347 (5th Cir. 1980)).

not change when an 'identifiable group' of vessels in navigation is at issue, rather than just one vessel."[51]

The parties dispute whether Plaintiff spends more than thirty percent of his time in the service of a vessel in navigation. It is undisputed that Plaintiff does not have a log book or other documents to support his estimated work time aboard vessels[52] and that FMT maintains documents in the ordinary course of its business which track Plaintiff's work aboard barges, including the Sinex, Laserfiche, and barge shepherding programs.[53] FMT contends that the log of Plaintiff's work created by the Sinex, Laserfiche, and barge shepherding programs demonstrates Plaintiff worked only a few hours per week on a barge.[54] FMT highlights the deposition testimony of Eric Brumfield[55] discussing the tasks Plaintiff performed on barges and the time required to complete those tasks, which FMT contends establishes Plaintiff spent only a fraction of his time—at most 12.5%—aboard a vessel.[56]

Plaintiff maintains the documents generated by the Sinex, Laserfiche, and barge shepherding programs do not accurately reflect the time he spent working aboard barges. Plaintiff contends the FMT policy requiring him to record work in these programs was not enforced.[57] Marshall Barnes, testified that sometimes work was not documented in the Laserfiche system.[58] Mr. Barnes testified that every time he saw Plaintiff, he had to sit down and remind Plaintiff to input things in the Laserfiche or Sinex programs.[59] Eric

---

[51] *Roberts*, 266 F.3d at 375.
[52] R. Doc. 52-5 at ¶ 15; R. Doc. 56-1 at ¶ 15.
[53] R. Doc. 52-5 at ¶ 16; R. Doc. 56-1 at ¶ 16.
[54] R. Doc. 52-5 at ¶ 21; R. Doc. 52-4.
[55] R. Doc. 52-3 at 8-15.
[56] R. Doc. 52-1 at 13-14.
[57] R. Doc. 52-5 at ¶ 17; R. Doc. 56-1 at ¶ 17; R. Doc. 56-2 at 14.
[58] R. Doc. 56-2 at 14.
[59] *Id.* at 17.

Brumfield also testified he told Plaintiff to put more things in Laserfiche.[60] Mr. Barnes agreed that "Laserfiche or Sinex may not be the end-all be-all proof" of what Plaintiff was doing at work.[61] Louis Deville, Plaintiff's supervisor, testified that if something were not in Laserfiche or Sinex, it would not necessarily mean a person did not work that day.[62] Plaintiff testified he spent seventy percent of his working hours standing on a barge.[63]

Disputed issues of material fact regarding the time Plaintiff spent working aboard vessels in navigation preclude summary judgment on Plaintiff's status as a Jones Act seaman. Accordingly, FMT's motion for summary judgment on Plaintiff's seaman status is denied.

## CONCLUSION

**IT IS ORDERED** that the Motion for Summary Judgment[64] filed by Defendant Florida Marine Transporters, LLC is **DENIED**.

**New Orleans, Louisiana, this 27th day of March, 2019.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[60] *Id.* at 23.
[61] *Id.* at 16.
[62] *Id.* at 19.
[63] *Id.* at 8.
[64] R. Doc. 52.